UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HKL Capital LLC,<br><br>　　　　　Plaintiff,<br>　v.<br>Enagic USA, Inc.<br>　　　　　Defendant. | Civil Action No.: _____<br><br>COMPLAINT<br><br>August 28, 2020 |

For this Complaint, the Plaintiff, HKL Capital LLC, by undersigned counsel, states as follows:

## JURISDICTION

1. Plaintiff, HKL Capital LLC ("HKL" or "Plaintiff"), brings this action for damages resulting from the illegal actions of Enagic USA, Inc. ("Enagic" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. HKL Capital LLC ("Plaintiff"), is a Connecticut business entity, and is a "person" as defined by 47 U.S.C. § 153(39). The following individuals opted out of the class settlement on November 14, 2019 and sold their claims to HKL:

- Karlin Williamson;

- **Danny Cochran;**
- **Peter Farsaci;**
- **Baltazar Fuentes;**
- **Joan Hickman;**
- **Michael Haerting;**
- **Gary Furches;**
- **Robert Reibstein;**
- **Donna Narducci;**
- **Suzanne Leonard;**
- **Michael Kirby;**
- **Henry Adam Lopez;**
- **Richard Andrews;**
- **Lavinia Bortis;**
- **Eliyahu Yaar;**
- **Olga Dubinsky;**
- **Shearra Hardwick;**
- **Thomas Locke;**
- **Erza Henry;**
- **Mark-Paul Goodman;**
- **Charlie Lopez.**

4. **Defendant Enagic USA, Inc. ("Enagic"), is a nationwide distributor of alkaline water filtration systems, and is a "person" as defined by 47 U.S.C. § 153(39).**

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

5. The TCPA regulates, among other things, the use of automated telephone dialing systems.

6. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

7. 47 U.S.C. § 227(b)(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called.

## FACTS

8. Enagic is a nationwide distributor of alkaline water filtration systems. In order to promote its services, Enagic operates an aggressive contact schedule which bombards unsuspecting consumers, with whom it has no relationship, with robocalls and prerecorded messages.

9. Enagic has repeatedly placed telemarketing calls using an automatic telephone dialing system to Plaintiff's cellular telephones.

10. Each of the Plaintiffs' number were and are assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11. At all times mentioned herein, Enagic called Plaintiffs' cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1). When Plaintiffs answered calls from Enagic, they were often met with a period of silence before either being connected with a live

representative or hearing a prerecorded message that instructed the called party press a button on his telephone for further information.  This is indicative of Enagic's use of a "predictive dialer."

12. The Federal Communications Commission has defined ATDS under the TCPA to include "predictive dialers."  *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 12, 2008 WL 65485 (F.C.C.) (2008).

13. In addition, upon information and belief, the hardware and software combination utilized by Enagic has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

14. Enagic did not have any of the Plaintiffs' prior express written consent to place automated telemarketing calls to Plaintiffs on their cellular telephones.

15. Enagic did not have any of the Plaintiffs' prior express consent to place calls to Plaintiffs which played prerecorded messages when those calls were answered.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

16. Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

17. Defendant negligently placed multiple automated telemarketing calls to cellular numbers belonging to Plaintiffs without their prior express written consent.

18. In addition, Defendant negligently placed multiple calls to cellular numbers belonging to Plaintiffs which played a prerecorded message when those calls were answered without Plaintiffs' prior express consent.

19. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA, 47 U.S.C. § 227(b)(1)(A).

20. Plaintiffs are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227, *et seq.*

21. Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

22. Defendant knowingly and/or willfully placed multiple automated telemarketing calls to cellular numbers belonging to Plaintiffs without their prior express written consent.

23. In addition, Defendant knowingly and/or willfully placed multiple calls to cellular numbers belonging to Plaintiffs which played a prerecorded

message when those calls were answered without Plaintiffs' prior express consent.

24. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA, 47 U.S.C. § 227(b)(1)(A).

25. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiffs are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 28, 2020

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff